D|F

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   JUL 01 2014   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
RICKEY CLARK,

                                    Petitioner,

            -against-

MICHAEL CARPA, Superintendent for
Sing Sing Correctional Facility,

                                    Respondent.
----------------------------------------------------------X
FEUERSTEIN, J.

**ORDER**
14-CV-0356 (SJF)

On September 8, 2004, a judgment of conviction was entered against petitioner Rickey Clark ("petitioner") in the Supreme Court of the State of New York, County of Suffolk, upon a jury verdict finding him guilty of burglary in the second degree and possession of burglar's tools. On or about August 5, 2009, petitioner filed an application seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 1, 2010, petitioner's writ of habeas corpus was dismissed in its entirety with prejudice as time-barred. On or about January 8, 2014, petitioner commenced the instant proceeding against respondent Michael Carpa ("respondent") by filing a "Notice of Motion Pur. To Rule 4(a)(c)" and an accompanying affirmation (the "Instant Petition"). Now before the Court is respondent's motion to change venue. For the reasons set forth below, the Instant Petition is denied and respondent's motion to change venue is moot.

I.     Background

On September 8, 2004, a judgment of conviction was entered against petitioner in the Supreme Court of the State of New York, County of Suffolk (the "Suffolk County Court"), upon a jury verdict finding him guilty of burglary in the second degree and possession of burglar's tools and imposition of sentence, as a second violent felony offender, to concurrent determinate terms of imprisonment of fifteen (15) years and one (1) year, respectively.

Petitioner appealed the judgment of conviction to the Supreme Court of the State of New York, Appellate Division, Second Judicial Department ("Appellate Division") on the grounds, *inter alia*, that: (1) the Suffolk County Court improperly denied his motion to suppress physical evidence recovered in plain view from his vehicle; (2) the evidence was legally insufficient to establish his guilt of accomplice liability beyond a reasonable doubt; (3) he was deprived of the effective assistance of trial counsel; and (4) the sentence imposed was excessive.

By order dated November 28, 2005, the Appellate Division affirmed the judgment of conviction, finding, *inter alia*, that: (1) the initial stop and inquiry of petitioner's vehicle were legal and that the police officer's use of a flashlight to illuminate the interior of the vehicle while he spoke to petitioner was neither a search nor an unreasonable intrusion; (2) the evidence was legally sufficient to establish petitioner's guilt as an accomplice in the burglary beyond a reasonable doubt, notwithstanding that the other individual involved in the burglary was never apprehended; (3) petitioner received meaningful representation from his trial counsel; and (4) the sentence imposed was not excessive. *People v. Clark*, 23 A.D.3d 673, 804 N.Y.S.2d 426 (2d Dep't 2005). On March 14, 2006, the New York State Court of Appeals ("Court of Appeals") denied leave to appeal the order of the Appellate Division. *People v. Clark*, 6 N.Y.3d 832, 814 N.Y.S.2d 80, 847 N.E.2d 377 (N.Y. 2006). Thus, petitioner's judgment of conviction became final on June 13, 2006, when his time expired to seek direct review by writ of certiorari to the United States Supreme Court. *See* Rule 13(1) of the Rules of the Supreme Court of the United States; 28 U.S.C. § 2101(d); *Jimenez v. Quaterman*, 129 S.Ct. 681, 685-86, 172 L.Ed.2d 475 (2009).

On September 8, 2006, petitioner moved to vacate his judgment of conviction and set aside his sentence pursuant to N.Y. C.P.L. §§ 440.10 and 440.30 on the grounds that: (1) the

prosecutor failed to turn over *Brady* and *Rosario* material; (2) petitioner received ineffective assistance of counsel as a result of prosecutorial misconduct; and (3) the evidence was legally insufficient. By order dated December 14, 2006, the Suffolk County Court denied petitioner's motion without a hearing. *People v. Clark*, 12/14/06, Suffolk County Court, Hon. J. Hudson, Case No. 02387-2003. By order dated April 12, 2007, the Appellate Division denied petitioner's application for leave to appeal the December 14, 2006 order.[1] *People v. Clark*, 2007 WL 1856913, 2007 N.Y. Slip Op. 67339(U) (2d Dep't Apr. 12, 2007).

On September 6, 2007, petitioner filed an application for a writ of *error coram nobis* to vacate, on the ground of ineffective assistance of appellate counsel, the Appellate Division's November 28, 2005 order affirming petitioner's judgment of conviction. By order dated November 20, 2007, the Appellate Division denied petitioner's application for a writ of *error coram nobis*, finding that petitioner had failed to establish that he was denied the effective assistance of appellate counsel. *People v. Clark*, 45 A.D.3d 776, 844 N.Y.S.2d 897 (2d Dep't 2007). On February 29, 2008, the Court of Appeals denied leave to appeal the November 20, 2007 order of the Appellate Division. *People v. Clark*, 10 N.Y.3d 762, 854 N.Y.S.2d 324, 883 N.E.2d 1259 (N.Y. 2008).

On or about June 25, 2008, petitioner filed a petition for a writ of habeas corpus pursuant to Article 70 of the New York Civil Procedure Law and Rules in the Supreme Court of the State of New York, County of Clinton (the "Clinton County Court"), alleging that his detainment was illegal. By judgment entered July 21, 2008, the Clinton County Court denied petitioner's

---

[1] Petitioner filed a second motion in the Suffolk County Court on or about March 1, 2007. While petitioner purported that the motion was brought pursuant to N.Y. C.P.L. §§ 440.10 and 440.20 and N.Y. C.P.L.R. §§ 1101 and 1102, it was a motion to proceed as a poor person and to obtain free copies of the trial transcripts. Accordingly, that motion did not seek post-conviction relief or collateral review of his judgment of conviction. That motion was denied on May 17, 2007. *People v. Clark*, 5/17/07, Suffolk County Court, Hon. B. Kahn, Case No. 02387-2003.

3

application for a writ of habeas corpus without a hearing. *People ex rel. Clark v. Artus*, 7/21/08, Clinton County Court, Hon. S. Peter Feldstein. By order dated June 25, 2009, the Supreme Court of the State of New York, Appellate Division, Third Judicial Department (the "Third Department") affirmed the July 21, 2008 judgment finding, *inter alia*, that habeas relief was unavailable because the issues raised by petitioner could have been raised on direct appeal from his judgment of conviction or via a motion pursuant to Article 440 of the New York Criminal Procedure law. *People ex rel. Clark v. Artus*, 63 A.D.3d 1455, 882 N.Y.S.2d 525 (3d Dep't 2009).

On or about August 5, 2009, petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court on the grounds that: (1) the plain view search of his vehicle was improper; (2) the evidence was legally insufficient to find him guilty of accomplice or accessorial liability; (3) his trial counsel was ineffective for failing to move to set aside or modify the verdict pursuant to N.Y. C.P.L. § 330.30; and (4) the sentence imposed was harsh and excessive. By order dated April 1, 2010, this Court dismissed the petition with prejudice as time-barred. *Clark v. Artus*, No. 09-cv-3577, 2010 WL 1269797 (E.D.N.Y. Apr. 1, 2010).

On or about February 23, 2010, petitioner moved to be resentenced pursuant to C.P.L. § 440.20. By order dated June 14, 2010, the Suffolk County Court denied petitioner's 440.20 motion challenging the legality of petitioner's sentence. *People v. Clark*, 6/14/10, Suffolk County Court, Hon. W. Gerard Asher, Case No. 02387-2003.

On or about July 12, 2011, petitioner again moved for relief pursuant to C.P.L. § 440.20. By order dated August 22, 2011, the Suffolk County Court denied petitioner's motion, finding, *inter alia*, that petitioner's motion "presents no arguments relating to the legality of the sentence," but rather improperly "attempt[s] to use C.P.L. § 440.20 to collaterally attack the

sufficiency of the evidence at trial, an issue previously reviewed by the Appellate Division upon defendant's appeal of his original conviction." *People v. Clark*, 8/22/11, Suffolk County Court, Hon. Martin I. Efman, Case No. 02397-2003. The Suffolk County Court further found that, even if it reviewed defendant's motion as one to vacate the judgment of conviction properly brought pursuant to C.P.L. § 440.10, that claim would be procedurally barred because any challenge of "the sufficiency of the evidence is such a record-based claim that has already been reviewed by the Court." *Id.* By order dated December 22, 2011, the Appellate Division denied petitioner's application for leave to appeal the August 22, 2011 order. *People v. Clark*, 2011 WL 6415026, 2011 N.Y. Slip Op. 93607(U) (2d Dep't Dec. 22, 2011). By order dated January 31, 2012, the Court of Appeals denied leave to appeal the December 22, 2011 order of the Appellate Division. *People v. Clark*, 18 N.Y.3d 882, 963 N.E.2d 129, 939 N.Y.S.2d 752 (N.Y. 2012).

On or about February 27, 2012, petitioner filed a petition for a writ of habeas corpus in the Supreme Court of the State of New York, County of Westchester (the "Westchester County Court") challenging the legality of his detention, and an application for poor person relief. [Docket Entry No. 2-3]. By order dated May 23, 2012, the Westchester County Court denied petitioner's application, finding, *inter alia*, that the issues raised by petitioner were already raised in petitioner's prior habeas corpus proceeding, on direct appeal, and in his prior 440 motion. *Clark v. Heath*, 5/23/12, Westchester County Court, Hon. J. Hubert, Case No. 204-2012 [Docket Entry No. 2-4].

On or about June 4, 2012, petitioner filed a notice of appeal of the Westchester County Court's May 23, 2012 order "and for permission to reargue the binding judicial error of Appellate Division Second Department." [Docket Entry No. 2-5]. On or about June 11, 2012, petitioner filed an affirmation in support of his notice to appeal, in which petitioner sought, *inter*

*alia*, an order from the Appellate Division "to reopen matters of appellant's Writ of Error Coram Nobis filed September 6, 2007." Affirmation in Support of Notice to Appeal Pursuant to CPLR 7011 and Reargument Pursuant to CPL. 470.50 [Docket Entry No. 2-6], at ¶ 4.

By order dated May 21, 2013, the Appellate Division denied petitioner's application for leave to appeal the May 23, 2012 order. *Clark v. Heath*, 2013 WL 2167306, 2013 N.Y. Slip Op. 74403(U) (2d Dep't May 21, 2013) [Docket Entry No. 2-7]. By order dated October 15, 2013, the Court of Appeals denied leave to appeal the May 21, 2013 order of the Appellate Division. *Clark v. Heath*, 22 N.Y.3d 910, 998 N.E.2d 393, 975 N.Y.S.2d 730 (N.Y. 2013) [Docket Entry No. 2-8]. By order dated December 17, 2013, the Court of Appeals denied petitioner's motion to reargue the October 15, 2013 order of the Court of Appeals. *Clark v. Heath*, 22 N.Y.3d 1035, 4 N.E.3d 360, 981 N.Y.S.2d 349 (N.Y. 2013) [Docket Entry No. 2-10].

On or about January 1, 2014, petitioner commenced the instant proceeding, 14-cv-0356, against respondent by filing a "Notice of Motion Pur. To. Rule 4(a)(c)" and accompanying affirmation,[2] seeking "an order to appeal [his] writ of error coram nobis, and ex rel, cross-petition for a state writ of habeas corpus denied December 17, 2013 by the New York State Court of Appeals." Affirmation in Support of Motion Pur. To Rule 4(a)(c) ("Instant Pet. Aff.") [Docket Entry No. 2], ¶ 1. On or about February 10, 2014, respondent moved, pursuant to 28 U.S.C. § 1631, to "transfer petitioner's application for a writ of habeas corpus to the United States Court of Appeals for the Second Circuit because the application is a successive petition." Affirmation in Support of Respondent's Motion to Transfer Venue [Docket Entry No. 5], ¶ 2. On or about March 20, 2014, petitioner filed his opposition to respondent's motion to change

---

[2]  These documents were electronically filed as a "Petition for Writ of Habeas Corpus" and an accompanying "Affidavit in Support re Petition for Writ of Habeas Corpus." [Docket Entry Nos. 1-2].

venue, in which he "respectfully move[s] this Court to issue an order determining that petitioner's application is for an appeal pursuant to Rule 4(a)(c)[3] and not a successive petition for a writ of habeas corpus." Reply Affirmation in Support of Application to Appeal [Docket Entry No. 9], ¶ 1.

In accordance with petitioner's representations, the Court hereby construes the Instant Petition as an appeal of the denial of petitioner's application for a writ of *error coram nobis* pursuant to Federal Rule of Appellate Procedure 4(a)(1)(C).[4]

II. Discussion

Petitioner contends that the Instant Petition seeks an order, pursuant to Federal Rule of Appellate Procedure 4(a)(1)(C), appealing his "writ of error coram nobis, and ex rel, cross-

---

[3] While petitioner labels his application as a motion brought pursuant to "Rule 4(a)(c)," no such rule exists. This Court construes petitioner's application to be brought pursuant to Rule 4(a)(1)(C) of the Federal Rules of Appellate Procedure, which specifically references "an appeal from an order granting or denying an application for a writ of error coram nobis." Fed. R. App. P. 4(a)(1)(C).

[4] Assuming, *arguendo*, that the Court considered the Instant Petition to be a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, the Instant Petition would constitute a "second or successive" habeas petition because this Court dismissed petitioner's prior habeas petition, which sought to challenge the same conviction, as time-barred. *See Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) ("[D]ismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."). Accordingly, absent authorization from the United States Court of Appeals for the Second Circuit ("Second Circuit"), this Court would lack jurisdiction to consider the Instant Petition. *See e.g., Walker v. Cuomo*, No. 12-CV-4512, 2012 WL 5386218, at *2 (E.D.N.Y. Nov. 1, 2012) ("Because plaintiff has already filed several habeas petitions, he must seek permission from the United State Court of Appeals to file a successive habeas petition."); *Moore v. Superintendent of Southport Corr. Facility*, No. 12-CV-4302, 2012 WL 5289599, at *2 (E.D.N.Y. Oct. 19, 2012) ("Should petitioner wish to challenge further his . . . conviction, he must again move before the United States Court of Appeals for the Second Circuit for permission to pursue this successive petition for *habeas corpus* relief."). Under those circumstances, the Court would be required to transfer the successive Instant Petition to the Second Circuit. *See Torres v. Senkowski*, 316 F.3d 147, 151 (2d Cir. 2003) ("[A] district court must transfer uncertified successive motions to [the Court of Appeals] pursuant to 28 U.S.C. § 1631."). However, the Court hereby construes the Instant Petition as an appeal from the denial of petitioner's application for writ of *error coram nobis* pursuant to Federal Rule of Appellate Procedure 4(a)(1)(C). Accordingly, respondent's request that this Court transfer the Instant Petition, which respondent labels as a successive petition for a "Writ of Habeas Corpus," the Second Circuit is now moot.

petition for a state writ of habeas corpus denied December 17, 2013 by the New York State Court of Appeals." Instant Pet. Aff., ¶ 2. Rule 4(a)(1)(C) provides that "[a]n appeal from an order granting or denying an application for a writ of error coram nobis is an appeal in a civil case for purposes of Rule 4(a)." Fed. R. App. P. 4(a)(1)(C). Rule 4(a)(1)(A) requires a party to file a notice of appeal with the district clerk within thirty (30) days after entry of the judgment or order appealed from. Fed. R. App. P. 4(a)(1)(A).

These provisions of Rule 4 are located in Title II of the Federal Rules of Appellate Procedure, which applies to "appeal[s] from a judgment or order of a district court," and not from a state court. Accordingly, petitioner may not invoke Rule 4(a) of the Federal Rules of Appellate Procedure to appeal the December 17, 2013 order of the New York State Court of Appeals.[5] Therefore, the Instant Petition is denied.

III. Conclusion

For the foregoing reasons, the Instant Petition is denied and respondent's motion to transfer venue is dismissed as moot.

---

[5] Petitioner's misrepresents that his "writ of error coram nobis, and ex rel, cross-petition for a state writ of habeas corpus [was] denied [on] December 17, 2013 by the New York State Court of Appeals." Instant Pet. Aff., ¶ 2. The December 17, 2013 order from which the petitioner purportedly seeks to appeal did not deny a writ of *error coram nobis*. Instead, the December 17, 2013 order of the Court of Appeals denied petitioner's motion to reargue the Court of Appeals' October 15, 2013 order, which denied petitioner's motion for leave to appeal the Appellate Division's May 21, 2013 order, which denied petitioner's application for leave to appeal the Westchester County Court's May 23, 2012 order, which denied petitioner's application for a writ of habeas corpus. While petitioner's application for leave to appeal the Westchester County Court's May 23, 2012 order also sought "to reopen matters of appellant's Writ of Error Coram Nobis filed September 6, 2007," the Appellate Division's denial of leave to appeal the May 23, 2012 order in no way constituted a denial of petitioner's application for a writ of *error coram nobis*, which was previously considered and denied by the Appellate Division on November 20, 2007, with leave to appeal denied by the Court of Appeals on February 29, 2008.

The Clerk of the Court shall enter judgment in favor of respondent, close this case, and serve notice of entry of this order on all parties in accordance with Federal Rule of Civil Procedure 77(d)(1), including mailing a copy of the order to petitioner at his last known address.

**SO ORDERED.**

s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated: July 1, 2014
       Central Islip, New York